# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM SWEDE, CURTIS TREGO, and TINA CLAPPER, on behalf of themselves and all others similarly situated, | No. 4:19-CV-00845 |
| Plaintiffs, | (Judge Brann) |
| v. | |
| WOOD-MODE, INC., ROBERT L. GRONLUND, and ROBERT BROOKS GRONLUND, | |
| Defendants. | |

## MEMORANDUM OPINION

### DECEMBER 12, 2019

Plaintiffs William Swede, Curtis Trego, and Tina Clapper purport to bring this suit on behalf of themselves and all others similarly situated alleging violations of the federal WARN Act[1] and Pennsylvania's Wage Payment and Collection Law[2] (WPCL) arising out of a factory closure on May 13, 2019. Plaintiffs move for class certification.

---

[1] 29 USC § 2104.

[2] 43 Pa Stat Ann § 260.1 *et seq*.

## I. Jurisdiction

Prior to the issue of class certification, I first examine whether this Court's exercise of supplemental jurisdiction over the state-law WPCL claim is appropriate.[3] A district court may exercise supplemental jurisdiction when a state-law claim shares a "common nucleus of operative fact" with the claims that support the district court's original jurisdiction.[4]

However, "[i]t has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right."[5] 28 U.S.C. § 1367(c) grants district courts discretion to decline supplemental jurisdiction in four circumstances:

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

A court may find substantial predomination "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought."[6]

---

[3] *See Liberty Mutual Insurance Co v Ward Trucking Corp*, 48 F3d 742, 750 (3d Cir 1995) ("[F]ederal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte* . . . ."). Jurisdiction over the WARN Act claim is proper as arising under federal law. 28 USC § 1331.

[4] *See De Asencio v Tyson Foods, Inc*, 342 F3d 301, 308 (3d Cir 2003); 28 USC § 1367(a).

[5] *United Mine Workers of America v Gibbs*, 383 US 715, 726 (1966).

[6] *De Asencio*, 342 F3d at 309, quoting *Gibbs*, 383 US at 726.

The common nucleus shared by the WPCL and WARN Act claims is the May 13, 2019 factory closure, which is sufficient to support supplemental jurisdiction under § 1367(a). That said, the inquiries differ in important ways. The WPCL, which courts have considered to be parallel to the federal Fair Labor Standards Act, centers on Wood-Mode's leave policies, the class members' entitlement to payment for vacation and floater days accrued pre-termination, and whether the class members were paid.[7] The WARN Act claim, on the other hand, examines the notice that the employees were given prior to the factory closing and whether exceptions to the WARN Act apply.[8] Both inquiries arise from the factory closing, but the WPCL analysis would require proof of different policies as well as individualized damages calculations not implicated by the WARN Act.

As a result of the differing proof and scope of the inquiries, I find that the WPCL inquiry would predominate over the WARN Act's. It is better suited to be tried in the state courts of Pennsylvania. Plaintiffs will not be unduly prejudiced because their claims may be heard there and the statute of limitations has not yet expired.[9] For these reasons, I decline to exercise supplemental jurisdiction over Plaintiffs' WPCL claim pursuant to § 1367(c)(2).

---

[7] *See Bowers v Foto-Wear, Inc*, 2007 WL 906417, *9 (MD Pa Mar 22, 2007).

[8] *See In re AE Liquidation, Inc*, 866 F3d 515, 523 (3d Cir 2017).

[9] 43 Pa Stat Ann § 260.9a(g).

## II. Rule 23

Although Defendants indicate in their papers that they take no position on whether certification of a class on the WARN Act claim only is proper,[10] this Court has an independent duty to ensure that the requirements of Federal Rule of Civil Procedure 23 are satisfied.[11] Rule 23(a) requires the class to satisfy four prerequisites: numerosity, commonality, typicality, and adequacy of representation. Then, the class must satisfy one of the requirements of Rule 23(b). Plaintiffs argue that this class satisfies Rule 23(b)(3), which requires "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."[12]

The class here is sufficiently numerous. The United States Court of Appeals for the Third Circuit "typically has approved classes numbering 40 or more."[13] The proposed class well exceeds this guideline, numbering approximately 900 members.[14]

---

[10] *See* Brief of Defendant Robert L. Gronlund in Opposition to Plaintiffs' Motion for Class Certification *3–4 (ECF No 23).

[11] *See In re Community Bank of Northern Virginia*, 622 F3d 275, 284 (3d Cir 2010); *Gonzalez v Corning*, 317 FRD 443, 490 (WD Pa 2016).

[12] FRCP 23(b)(3).

[13] *Gates v Rohm and Haas Co*, 248 FRD 434, 440 (ED Pa 2008), citing *Stewart v Abraham*, 275 F3d 220, 226–27 (3d Cir 2001).

[14] Swede Declaration ¶¶ 1, 6 (ECF No 8-1).

Plaintiffs satisfy the commonality and typicality requirements.[15] Commonality requires the existence of at least one question common to the class such that there is class-wide capacity to "generate common answers apt to drive the resolution of the litigation."[16] Typicality requires that the "claims or defenses of the representative parties are typical of the claims or defenses of the class."[17] "The commonality and typicality requirements are fairly easily met in an action brought under the WARN Act."[18]

Common issues in this action include whether Wood-Mode employed more than one hundred employees, whether the class members were employees of Wood-Mode, whether Wood-Mode discharged the class members within thirty days of May 13, 2019 in connection with the mass layoff, whether the class members were "affected employees," whether Wood-Mode terminated the class members' employment without cause, whether Wood-Mode provided sixty days' prior written notice of the mass layoff, whether Wood-Mode paid the class members sixty days' wages and benefits, and whether Wood-Mode paid the class members all of their

---

[15] I treat the two together because their analyses overlap. *See In re Connaught Group, Ltd*, 491 BR 88, 94 (Bankr SDNY 2013) ("The commonality and typicality requirements tend to merge as they are subject to similar considerations.").

[16] *Wal-Mart Stores, Inc v Dukes*, 564 US 338, 350 (2011) (emphasis removed).

[17] FRCP 23(a)(3). *See also Marcus v BMW of North America, LLC*, 687 F3d 583, 597 (3d Cir 2012).

[18] *Cashman v Dolce International/Hartford, Inc*, 225 FRD 73, 92 (D Conn 2004).

wages owed on termination. The class representative claims are typical of those of the class at large because they arise from the same underlying event giving rise to the class's claims and are based on the same legal theory.[19]

For the fourth Rule 23(a) requirement, I find that the representatives and their counsel will adequately protect the interests of the class. Because the representatives have the same claim as the class members, their claims do not conflict with those of the class.[20] Finally, I find that class counsel, possessing two decades of experience in this area, are well qualified to represent a WARN Act class.[21] They have additionally done significant work identifying potential claims in this action and have committed sufficient resources to representing the class.

Having satisfied Rule 23(a), I now move to Rule 23(b)(3). Plaintiffs must show predominance and superiority.[22] Predominance "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation."[23] Superiority tests whether "a class action is superior to other available methods for the fair and efficient adjudication of the controversy."[24] "The court must 'balance,

---

[19] *See Morisky v Public Service Electric and Gas Co*, 111 F Supp 2d 493, 500 (DNJ 2000).

[20] *See Johnston v HBO Film Management, Inc*, 265 F3d 178, 185 (3d Cir 2001).

[21] *See* Raisner Declaration ¶¶ 25–36 (ECF No 8-3); Olsen Declaration ¶¶ 15–17 (ECF No 8-4).

[22] *See In re Hydrogen Peroxide Antitrust Litigation*, 552 F3d 305, 310 (3d Cir 2008).

[23] Id at 311, quoting *Amchem Products, Inc v Windsor*, 521 US 591, 623 (1997).

[24] *Georigi v Recon Automotive Remanufacturers*, 2009 WL 1312607, *4 (ED Pa May 7, 2009), quoting FRCP 23(b)(3).

in terms of fairness and efficiency, the merits of a class action against those of alternative available methods of adjudication.'"[25]

I find that Plaintiffs have satisfied both requirements for Rule 23(b)(3). First, predominance is satisfied because the class includes only those who worked for Wood-Mode, were terminated as part of a mass layoff, and possessed the same rights under the WARN Act.[26] This class is sufficiently cohesive that issues common to the class predominate over individual issues. Second, a class action is the superior method of adjudicating this matter. This case involves approximately nine hundred claimants with relatively low dollar-value claims. Declining to certify the class may result in a flood of litigation or, perhaps more likely, many of the claims not being brought. It would also create a risk of inconsistent judgments. On the other side, the size and clear definition of this class suggest that this should not be an unusually difficult class to manage. I find that adjudicating this matter as a class action is in the interest of judicial efficiency.

### III. Conclusion

In sum, I decline to exercise supplemental jurisdiction over Plaintiffs' state-law WPCL claim pursuant to § 1367(c)(2). However, Plaintiffs have demonstrated by a preponderance of the evidence that the proposed class, as defined in an

---

[25] *Georigi*, 2009 WL 1312607 at *4, quoting *In re Community Bank of Northern Virginia*, 418 F3d 277, 309 (3d Cir 2005).

[26] *See Georigi*, 2009 WL 1312607 at *4.

appropriate Order to follow, satisfies all four factors under Rule 23(a) and meets the requirements of Rule 23(b)(3) on their WARN Act claim. Class certification is appropriate.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge